Cindy CARROLL Appellant,

v.

UNITED PARCEL SERVICE, INC. Appellee.

No. 02–4306.

United States Court of Appeals, Third Circuit.

Argued July 23, 2003.

Decided Aug. 6, 2003.

**950**

Richard A. Porach (Argued), Hodzic & Parach LLC, Carnegie, PA, for Appellant.

David J. McAllister (Argued), Susan P. Schupansky, Reed Smith LLP, Pittsburgh, PA, for Appellees.

Before ALITO, FUENTES, and BECKER, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

This is an appeal by Cindy Carroll from the District Court's grant of summary judgment in favor of the defendant United Parcel Service ("UPS") in a case brought pursuant to Title VII (with pendent claims under the Pennsylvania Human Relations Act) in which Carroll claims that she was terminated from her job as a feeder truck driver because of her gender. UPS maintains that Carroll was fired in the wake of her failure to report an accident (knocking over a light pole) that had occurred while she was driving the feeder truck (UPS drivers are required to report all accidents); in particular, UPS submits that Carroll acted dishonestly by not accepting responsibility for her failure to report the accident when confronted with evidence suggesting that she had been in an accident.

Carroll has always maintained that she was not involved in the accident and that UPS did not conduct a thorough investigation of the incident because of her gender. She also claims that male UPS employees suspected of dishonesty were dealt with less harshly than she was in that they were allowed to keep their jobs in spite of the dishonesty. We heard extensive oral argument during which all aspects of the case were explored. Accordingly we shall limit our discussion to our *ratio decidendi*.

We conclude that the District Court did not err by granting UPS's motion for summary judgment. While Carroll has presented evidence of male employees who were not terminated when they failed to report truck accidents, those incidents are distinguishable because the employees admitted wrong-doing once confronted. Moreover, UPS has presented evidence of male employees who *were* terminated for dishonesty. Furthermore, Carroll has failed to provide any evidence of any other female employees fired under similar circumstances. We are also unpersuaded by Carroll's contention that she was not involved in the accident (this matter was explored in detail at oral argument). To the contrary, there was abundant evidence that she was and we are satisfied that no reasonable juror could conclude that UPS

did not reasonably believe that Carroll was being dishonest when she denied it.

█ We also conclude that the District Court did not err by limiting the scope of Carroll's discovery request. Carroll had requested all of the disciplinary reports of all UPS employees (UPS has over 300,000 employees nationwide) over a period of 12 years. The District Court limited discovery to a period of five years in the UPS district in which Carroll was employed (one of 60 in the nation), a large area consisting of western Pennsylvania, West Virginia, and one county in Maryland. In particular, it was not an abuse of discretion for the District Court to limit discovery since the employment decision that Carroll alleged was discriminatory (her termination) was made locally.

The judgment of the District Court will be affirmed.